```
                    UNITED STATES DISTRICT COURT
                  SOUTHERN DISTRICT OF MISSISSIPPI
                          JACKSON DIVISION


AMERICAN MANUFACTURERS MUTUAL
INSURANCE COMPANY                                          PLAINTIFF


VS.                                      CIVIL ACTION NO. 3:05CV199LN


JEFFREY A. STALLWORTH, TELAYA
V. BROWN                                                  DEFENDANTS
```

<u>MEMORANDUM OPINION AND ORDER</u>

This cause is before the court on the motion of plaintiff American Manufacturers Mutual Insurance Company (AMM) for summary judgment against defendant Jeffrey A. Stallworth, pursuant to Rule 56 of the Federal Rules of Civil Procedure. Stallworth has responded in opposition to the motion and the court, having considered the memoranda of authorities, together with attachments, submitted by the parties, concludes that plaintiff's motion is well taken and should be granted.

Defendant Telaya V. Brown has filed two lawsuits, one in Maryland and one in Mississippi, against Jeffrey Stallworth, Anderson United Methodist Church (Anderson UMC) and the Mississippi Annual Conference of the United Methodist Church, seeking damages based on allegations that Stallworth, then pastor of Anderson UMC, sexually assaulted her at her home in Prince George's County, Maryland, on August 15, 2001. All three defendants in those lawsuits made demand on AMM for defense under

a commercial general liability policy issued by AMM to the Mississippi Annual Conference, as the named insured. AMM has acknowledged its duty to defend the Mississippi Annual Conference, but disclaimed coverage for Anderson and Stallworth, taking the position that neither was an insured under its policy and that the incident at issue is not a covered "occurrence" under the policy in any event. AMM filed the present declaratory judgment action seeking an adjudication to that effect.

In its present motion, AMM directs the court to what it contends are the pertinent policy provisions which it submits conclusively establish that Stallworth was not an insured under its policy. The preamble section of the policy states,

> Throughout this policy the words "you" and "your" refer to the Named Insured shown in the Declarations, and any other organization qualifying as a Named Insured under this policy. . . .

The Declarations list the Mississippi Annual Conference as the only named insured under the policy; neither Stallworth nor Anderson UMC is identified as a named insured. Section II of the policy, entitled "Who is an Insured," extends the policy's coverage to the named insured's employees (other than its executive officers), "but only for acts within the scope of their employment by [the named insured] or while performing duties related to the conduct of [the named insured's] business."

AMM first insists that there can be no coverage for Stallworth and hence no duty to defend because Stallworth does not

2

qualify as an "insured" under the policy. According to AMM, he is not a "named insured" or an "employee" of the sole named insured, the Mississippi Annual Conference, but that even if he was or may have been an employee of the Mississippi Annual Conference, as Brown has alleged in her complaints, he certainly was not acting within the scope of his employment or performing duties related to his employment at the time of the sexual assault and battery on Brown.

AMM further argues that Stallworth's sexual assault and battery of Brown does not constitute an "occurrence" as that term is defined in the policy. The policy covers an insured's liability for "bodily injury" which is not "expected or intended" from the standpoint of the insured which results from an "occurrence," which is defined as "an accident, which includes repeated exposure to substantially the same general harmful conditions." AMM argues that Stallworth's sexual assault and battery of Brown was no "accident," but rather was an intentional, volitional act by Stallworth for which the policy provides no coverage. See Acceptance Ins. Co. v. Powe Timber Co., Inc., 403 F. Supp. 2d 552, 555 (S.D. Miss. 2005) (stating, "According to Mississippi law, there is no 'occurrence' under policies which define 'occurrence' as an 'accident' if the harm for which recovery is sought from the insured resulted from an insured's intentional or deliberate actions, even if the insured did not

3

intend such harm") (citing United States Fidelity & Guar. Co. v. OmniBank, 812 So. 2d 196, 197 (Miss. 2002)).  See also Allstate Ins. Co. v. Moulton, 464 So. 2d 507, 510 (Miss. 1985) (finding there was no occurrence for claim of malicious prosecution, and stating, "[t]he only relevant consideration is whether, according to the declaration, the chain of events leading to the injuries complained of were set in motion and followed a course consciously devised and controlled by [the insured] without the unexpected intervention of any third person or extrinsic force").  It contends, in a related vein, that Brown's alleged "bodily injury" is not covered as such bodily injury was "expected or intended" by Stallworth.  See OmniBank, 812 So. 2d at 201 (holding that a claim resulting from intentional conduct which causes foreseeable harm is not covered, even where the actual injury or damages is greater than expected or intended).

In response to AMM's motion, Stallworth points out that under applicable Mississippi law, AMM's duty to defend is determined by reference to the allegations of the underlying complaints, and he concludes that since Brown has alleged in both of her complaints that Stallworth "was acting on behalf of both Anderson Church and Defendant Mississippi Conference," then it must be concluded that AMM has a duty to defend.  He notes, additionally, that in presenting its argument that Stallworth is not a policy insured, AMM failed to identify and hence account for an endorsement that

amended the policy's Section II definition of "Who is an Insured" to "include the following as insured":

> 1. Any of [Mississippi Annual Conference's] church members, but only with respect to their liability for your activities or activities they perform on your behalf.
> 2. Any:
> a. Trustee, official or member of the board of governors of the church; or
> b. Members of the clergy but only with respect to their duties as such.

He concludes that since this endorsement "added . . . members of the clergy," then as clergy for Anderson UMC, he was in fact covered by the policy insuring the Mississippi Annual Conference, and that it is "disingenuous" for AMM to contend otherwise.

This court summarized the principles governing the court's analysis of duty to defend issues in <u>American Insurance Co. v. Powe Timber Co., Inc.</u>, stating,

> "Mississippi has adopted the 'allegations of the complaint' rule (sometimes referred to as the eight-corners test) to determine whether an insurer has a duty to defend," pursuant to which the court reviews the allegations in the underlying complaint to see whether it states a claim that is within or arguably within the scope of the coverage provided by the insurance policy. <u>Ingalls Shipbuilding v. Federal Ins. Co.</u>, 410 F.3d 214, 225 (5th Cir. 2005). In so doing, the court compares the words of the complaint with the words of the policy, looking "not to the particular legal theories" pursued by the plaintiffs, "but to the allegedly tortious conduct underlying" the suit. <u>Id.</u> (citations omitted). <u>See</u> <u>also</u> <u>United States Fidelity & Guarn. Co. v. Omnibank</u>, 812 So. 2d 196, 200 (Miss. 2002). If the complaint alleges facts which are arguably within the policy's coverage, a duty to defend arises.

5

403 F. Supp. 2d at 554. Brown's complaints include substantially the same allegations. She alleges:

> 4.  Upon information and belief, Defendant, The Mississippi Conference of the United Methodist Church is a not for profit corporation incorporated under the laws of the State of Mississippi. At all times relevant hereto Defendant Stallworth was licensed, appointed, and delegated with the actual and apparent authority of the Defendant, Mississippi Conference, to perform pastoral duties. In addition, Defendant Stallworth was appointed by the Defendant Mississippi Annual Conference to serve as a voting member of the Mississippi Annual Conference, a basic organization within the structure of Defendant Mississippi Conference of the United Methodist Church.
> . . .
> Upon information and belief Defendant Jeffrey A. Stallworth is a male individual who resides in or about Jackson, Mississippi. At all times relevant hereto Defendant Stallworth was the Senior Pastor of Defendant Anderson Church, a Methodist congregation and unit of Defendant Mississippi Conference of approximately three thousand (3,000) members.
> . . .
> Upon learning of the Plaintiff's ability to provide insurance coverage, Defendant Stallworth, as an agent, servant, and/or employee of Defendants Mississippi Conference and Anderson Church expressed an interest in working with Plaintiff's company and purchasing insurance policies from TGIS, Inc. for Defendant Anderson Church for the benefit of its members.
>
> On or about August 5, 2001, on the Sunday morning following the Defendant's initial meeting with Plaintiff, Defendant Stallworth made an announcement to the parishioners of Defendant Anderson Church regarding the Church's intention to purchase insurance policies. Defendant Stallworth, as agent for Defendant Anderson Church and Mississippi Conference, announced that the church was in the process of obtaining insurance policies for dependent children of members of the church. Plaintiff was present when the announcement was made.
> . . .
> Thereafter, Defendant Stallworth, as agent, servant and/or employee of Defendants Anderson Church and Mississippi Conference, requested an expedited meeting

> with Plaintiff to discuss the terms and conditions under
> which Defendants could place insurance coverage through
> her agency.  Plaintiff agreed to meet with Defendant
> Stallworth.
> . . .
> On or about August 14, 2001, Defendant Stallworth in his
> capacity as agent, servant and/or employee of Defendants
> Anderson Church and Mississippi Conference met with
> Plaintiff and a manager of the insurance company in
> Fairfax, Virginia, to pursue Defendant Anderson Church's
> purchase of insurance policies through Plaintiff's
> agency.

The complaint goes on to recount the events constituting Stallworth's sexual assault, alleging that in the morning hours of August 15, 2001, long after Brown had retired for the night and was sound asleep, Stallworth entered her bedroom without her permission, and then "forcibly removed her clothing, pinned her down on the bed and forced her to engage in sexual intercourse against her will and without her consent."  She alleges that although she pleaded with Stallworth to stop his violent assault, he continued "to force himself upon her."  She concludes, alleging that

> [o]n or about March 4, 2002, in the Circuit Court for
> Prince George's County, Defendant Stallworth voluntarily
> entered a plea of guilty to a sexual offense and
> admitted that he had sexually battered Plaintiff on or
> about August 15, 2001.

Although the complaints do allege that Stallworth was "a voting member" of the Mississippi Annual Conference, that he was "delegated with the actual and apparent authority of the Defendant, Mississippi Conference, to perform pastoral duties," and that he undertook to purchase insurance policies for Anderson

7

UMC from Brown "as an agent, servant, and/or employee of Defendants Mississippi Conference and Anderson Church," nowhere in the complaints does Brown directly allege that Stallworth was an "employee" of the Mississippi Annual Conference.  The evidence, in fact, namely the deposition testimony of Stallworth himself, appears to establish that Stallworth was employed by Anderson UMC, not the Mississippi Annual Conference.  Moreover, even if the complaints are ambiguous with respect to Stallworth's employment status, and even though the complaints do allege that Stallworth acted on behalf of the Mississippi Annual Conference in pursuing the purchase of insurance policies from Brown, there is no allegation, or any arguable basis for an inference that when sexually assaulting Brown, Stallworth was acting within the scope of his employment by the Mississippi Annual Conference, performing duties related to the conduct of the Mississippi Annual Conference's business or performing duties as clergy.  On the contrary, it is quite clear that his actions and motivations were purely personal. Cf. Forrest County Co-op. Assn. v. McCaffrey, 253 Miss. 485, 174 So. 2d 287, 290 (1965) (holding that an act done from a purely personal motive or one for which the employment furnishes only the opportunity is not in the scope of employment). From this it follows that Stallworth is not an insured under the AMM policy and that he is thus entitled to neither a defense nor

indemnity under that policy and that AMM is clearly entitled to summary judgment on this basis.

Just as it is clear that Stallworth does not qualify as an insured relative to his sexual assault of Brown, it is also clear that the assault is not covered under the policy in any event, for it plainly does not fit the policy definition of "occurrence." Brown's complaints allege that Stallworth forced himself on her against her will, that the assault was violent and that Stallworth refused to stop the assault, despite her repeated pleas.  She also alleges that he pled guilty in Maryland to a sexual offense and admitted that he sexually battered her.  Despite the manifest intentional nature of the acts that are the subject of Brown's complaints, Stallworth argues that since one count of Brown's complaints accuses him of "reckless" conduct, which falls short of "intentional," then at least these allegations entitled him to a defense under the policy.  In the court's opinion, the mere use of the term "reckless" to describe conduct that is unmistakably intentional will not be held to give rise to a duty to defend. "[W]hile a person's intent to injure is usually a question of fact, the Mississippi Supreme Court has implicitly recognized that there are some inherently injurious acts, such as sexual abuse, as to which the law will infer an intent to injure." American Nat. Gen. Ins. Co. v. L.T. Jackson, 203 F. Supp. 2d 674, 683-84 (S.D. Miss. 2001), aff'd, 37 Fed. Appx. 714, 2002 WL 1220663 (5th Cir.

2002) (citing Lewis v. Allstate Ins. Co., 730 So. 2d 65, 70-71 (Miss. 1999) as "distinguishing facts of case before it from 'cases which determine that intent to harm may be presumed in cases of sexual abuse without regard to the claimed intent (or lack thereof) of the insured actor. Those cases merely mean that an intent to injure is inherent in acts like . . . assault, or sexual abuse'"). Thus, in Jackson, a case involving sexual misconduct by an insured, this court concluded that despite allegations of recklessness in the underlying complaints, there was no duty to defend because "'an intent to harm will be inferred as a matter of law when a person sexually assaults, harasses, or otherwise engages in sexual misconduct towards an adult.'" Id. See also Carney v. Village of Darien, 60 F.3d 1273, 1279-80 (7th Cir. 1995) (Wisconsin law) (finding no occurrence and hence, no duty to defend, even though recklessness was alleged, because intent to injure could be inferred from the nature of the conduct alleged, harassment and sexual coercion).

Based on the foregoing, it is ordered that plaintiff's motion for summary judgment as to Jeffrey Stallworth is granted.

SO ORDERED this 5th day of May, 2006.

/s/ Tom S. Lee
UNITED STATES DISTRICT JUDGE

10